Filed 10/4/24  P. v. Norwood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100360 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F03801) |
| v. | |
| DONALD NORWOOD, | |
| Defendant and Appellant. | |

Defendant Donald Ray Norwood contends the trial court erred by denying his petition for resentencing under what is now Penal Code section 1172.6[1] after an evidentiary hearing.  Although the evidence showed defendant planned a retaliatory

---

[1] Undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

shooting, drove to the victim's location, and handed a gun to a fellow gang member in the back seat of the car just before the shooting, defendant argues he did not aid and abet a murder because the shooter shot and killed the wrong person. We disagree and will affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

In 2004, defendant and several other members of the 29th Street Crips street gang met to plan retaliation for a shooting that had targeted one of the founders of the gang. The gang members divided up into cars and drove past different nightclubs looking for the shooter's white van with large rims. Defendant drove a car with fellow gang members Mark Johnson in the front passenger seat and Jimmy Broadnax in the rear passenger seat. As they were driving, Broadnax saw the van, and defendant followed it. The van pulled into a gas station, where about 30 people were talking and dancing in the parking lot, and parked off to the side.

Broadnax told Johnson to get out and shoot and defendant handed Johnson a gun. Johnson jumped out of the car and fired three or four shots at the white van. Defendant got out of the car and yelled, "This is 29th Street." Johnson then got back in the car and defendant drove off. When they stopped to change cars, Johnson gave the gun back to defendant. Defendant and Broadnax told Johnson he had done a good job.

One of the bullets fired by Johnson shattered the rear window of an SUV parked at a gas pump. Another bullet entered Raymond Raya's back and exited the right side of his chest, killing him.

The People charged defendant, Broadnax, and Johnson with murdering Raya and alleged that they had committed the murder for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal had personally used a firearm (§ 12022.53, subds. (b), (e)(1)). At trial, the court instructed the jury on, among other things, the definition of murder, the degrees of murder, malice

2

aforethought, guilt for aiding and abetting, guilt based on natural and probable consequences, and transferred intent.

The jury found defendant guilty of first degree murder and found the enhancement allegations true. Defendant appealed and this court affirmed the judgment, holding that substantial evidence established defendant's liability for first degree murder as an aider and abettor based on transferred intent. (*People v. Norwood* (Dec. 22, 2006, C051371) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing under section 1172.6. The trial court denied the petition without holding an evidentiary hearing, but this court reversed and remanded because the trial court applied an incorrect standard to deny the petition without holding an evidentiary hearing. (*People v. Norwood* (Aug. 11, 2022, C093053) [nonpub. opn.].)

On remand, the trial court held an evidentiary hearing on October 20, 2023. The People introduced the reporter's transcript from the trial and the clerk's transcript from the direct appeal. Defendant offered testimony from a witness who had also testified at the trial. The court heard argument and took the matter under submission.

The trial court then issued an order on January 23, 2024, denying defendant's petition. Specifically, the court found that defendant aided Johnson in shooting at the white van while approximately 30 people were in close proximity by supplying Johnson with the loaded gun just prior to the shooting. The court also found defendant intended to aid Johnson with the shooting, as evidenced by defendant handing Johnson the gun directly after Broadnax told Johnson to get out of the car and shoot, and by defendant congratulating Johnson after the shooting. Finally, the court found defendant acted with conscious disregard for human life, evidenced by defendant's knowledge that shooting near a crowd of people could harm human life, especially given that an accidental shooting of an unintended target had been "the genesis of the retaliatory shooting"

3

attempted by Johnson. Accordingly, the court found defendant guilty beyond a reasonable doubt of aiding and abetting murder with implied malice.

Defendant timely appealed from the order denying his petition.

## DISCUSSION

Defendant argues the trial court erred by finding beyond a reasonable doubt that defendant committed murder under current law. Though defendant fails to articulate a standard of review, he essentially argues the court's decision is not supported by substantial evidence. We disagree and will affirm the order.

I

*Elimination of Natural and Probable Consequences Murder*

In 2018, the Legislature "amended section 188 to provide that, except in cases of felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought.' (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) This change 'bars a conviction for first or second degree murder under a natural and probable consequences theory.' " (*People v. Reyes* (2023) 14 Cal.5th 981, 986 (*Reyes*).)

Under section 1172.6, "A person convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1172.6, subd. (a).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

4

## II

### *Aiding and Abetting Murder with Implied Malice*

Though the Legislature abolished the natural and probable consequences doctrine, "it maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged. (§ 188.)" (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.) "Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." (§ 188, subd. (a)(2).) As interpreted by the courts, this means "[m]urder is committed with implied malice when 'the killing is proximately caused by " 'an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.' " ' " (*Reyes, supra*, 14 Cal.5th at p. 988.)

" '[D]irect aiding and abetting is based on the combined actus reus of the participants and the aider and abettor's own mens rea. [Citation.] In the context of implied malice, the actus reus required of the perpetrator is the commission of a life-endangering act. For the direct aider and abettor, the actus reus includes whatever acts constitute aiding the commission of the life-endangering act. Thus, to be liable for an implied malice murder, the direct aider and abettor must, by words or conduct, aid the commission of the life-endangering *act*, not the result of that act. The mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life.' " (*Reyes, supra*, 14 Cal.5th at pp. 990-991.) When the life-endangering act is a shooting, the trial court must determine whether the aider and abettor knew the perpetrator "intended to shoot at the victim, intended to aid him in the shooting, knew that the shooting was dangerous to life, and acted in conscious disregard for life." (*Id.* at p. 991.)

5

For a first degree murder conviction, the trial court must also find the aider and abettor "acted willfully, deliberately, and with premeditation." (*In re Brigham* (2016) 3 Cal.App.5th 318, 326-327.)

## III

### *Standard of Review*

"[A] trial court's denial of a section 1172.6 petition [after an evidentiary hearing] is reviewed for substantial evidence." (*Reyes, supra*, 14 Cal.5th at p. 988.) "Under this standard, we review the record ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' " (*Ibid.*) "Our job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*People v. Clements, supra*, 75 Cal.App.5th at p. 298.)

" ' " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' " ' [Citation.] 'A reviewing court neither reweighs [the] evidence nor reevaluates a witness's credibility.' [Citation.] Reversal is not warranted 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction.]" ' " (*People v. Thomas* (2023) 14 Cal.5th 327, 377-378 (*Thomas*).)

IV

*Analysis*

The issue before us is whether substantial evidence supports the trial court's finding that defendant is still guilty of first degree murder under current law, beyond a reasonable doubt. We conclude the trial court's decision is supported by substantial evidence. Johnson committed a life-endangering act by shooting at the white van while approximately 30 people were in close proximity. Defendant aided the commission of this act by planning with his fellow gang members to retaliate against the person in the white van, driving around to find the white van, and supplying Johnson with the loaded gun just prior to the shooting.

The evidence likewise supports inferences that defendant had the requisite intent. Defendant knew Johnson intended to shoot at the white van and intended to aid him in doing so because that was what they had planned, defendant yelled a reference to their gang immediately after the shooting, and defendant congratulated Johnson after the shooting went more or less according to the plan. This planning also supports the willful, deliberate, and premeditated element of first degree murder. Next, defendant knew the shooting, with approximately 30 people in close proximity, was dangerous to human life because of his recent experience of a fellow gang member getting shot at a party as an unintended target--the very event that precipitated this retaliatory shooting. Finally, defendant acted in conscious disregard for life by handing Johnson the gun even after seeing the crowd in close proximity to the white van.

Defendant contends he lacked the intent to aid and abet the murder of Raya because defendant only intended to aid and abet the murder of the man in the white van and Johnson deviated from this plan, instead deciding to intentionally shoot Raya. The crux of defendant's argument is his contention that Johnson did not shoot at the white van. Specifically, he claims "Johnson's testimony that he shot at the white van is not credible" because if "he had shot at the van, there surely would have been at least one

7

bullet hole in the van." Defendant also claims, without citing to evidence in the record, that Johnson shot in a different direction than the van. In other words, defendant asks us to " 'reweigh[] [the] evidence' " and " 'reevaluate[] a witness's credibility.' " (*Thomas*, *supra*, 14 Cal.5th at p. 378.) We cannot reject the trial court's weighing of the evidence when reviewing for substantial evidence.[2]

Even assuming defendant is referring to the witness testimony at the evidentiary hearing, which at some points seemed to indicate the crowd was not located near the white van, the trial court was justified in refusing to accept this wavering and inconsistent testimony and relying instead on the testimony of the shooter himself, Johnson, who claimed that he shot at the white van when he hit Raya. " ' " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' " ' " (*Thomas*, *supra*, 14 Cal.5th at pp. 377-378.) Because substantial evidence supports the trial court's order, we will affirm.

---

[2] Accordingly, the supplemental authority supplied by defendant regarding the actus reus for felony murder is not relevant to our analysis of the trial court's reasoning here. Defendant's argument assumes the act committed (by Johnson) was *different* than the act in the commission of which defendant *intended* to aid, like in some felony murder cases. But we must accept the trial court's determination that Johnson intended to commit the same act that defendant intended to aid Johnson in committing, if, as here, that determination is supported by substantial evidence.

8

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Renner, J.